I do not take issue with the principles of law recognized in this decision. The question here is one of legislative intent.
The bond provided for in the act of 1919 (Gen. Acts 1919, p. 946, § 3) was to be approved by the superintendent of banks, and the amount of said bond was to be fixed by such bank superintendent. The defrauded purchaser was given a right of action on such bond, with no reference to any statute of limitations. The limitation in the Code therefore was applicable in suits upon these bonds.
The bond provided for by the act of 1920 (Gen. Acts Special Sess. p. 60, § 3) was to be approved by the president of the commission, and the amount of such bond fixed by such president. The act then provides that a defrauded purchaser, "shall have the right at any time within twelve months thereafter to bring suit upon the bond hereinabove providedfor" [italics supplied]. The words italicized very clearly of course have reference to these bonds executed in compliance with the provisions of the act, and which had been approved and the amount thereof fixed by the president of the commission. No reference is made to bonds executed under the act of 1919, which had been approved and the amount thereof fixed by the superintendent of banks.
The bonds represented outstanding obligations executed under the former act which contained no reference to any limitation statute. They, were not the bonds to which reference is made in the act of 1920. This latter act contains no repealing clause.
I am therefore persuaded that the language used in this latter act is not to be construed as affecting in any manner the right of action of the purchaser against the bond provided for by the former act, and that as to such bonds there is no inconsistency in the two acts, and no repeal as to the former in this respect. I therefore entertain the view that the limitation of twelve months found in the act of 1920 is without application to the instant case, and respectfully dissent.